1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11  JOSE MANUEL ARREDONDO RIVERA,          Case No. 1:25-cv-01373-JLT-CDB

12          Plaintiff,                     ORDER TO SHOW CAUSE IN WRITING
                                           WHY ACTION SHOULD NOT BE
13      v.                                 DISMISSED FOR PLAINTIFF'S FAILURE
                                           TO PROSECUTE AND COMPLY WITH
14  TARGET DISTRIBUTION CENTER,            THE LOCAL RULES

15          Defendant.                     (Doc. 4)

16                                         **14-DAY DEADLINE**

17

18      **Background**

19          Plaintiff Jose Manuel Arredondo Rivera ("Plaintiff") proceeding pro se, initiated this action

20  with the filing of a complaint against Defendant Target Distribution Center ("Defendant") on

21  February 25, 2025, in the Kern County Superior Court, Case No. BCV-25-100688.  (Doc. 1).

22  Defendant removed the action to this Court on October 15, 2025. *See id.*  On October 22, 2025,

23  Defendant filed the pending motion to dismiss and served the motion upon Plaintiff.  (Doc. 4).

24  Plaintiff has failed to file an opposition or statement of non-opposition.

25      **Order to Show Cause**

26          Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that

27  "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may

28  be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of

1    the Court." E.D. Cal. Local Rule 110.  The Court has the inherent power to control its docket and

2    may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the

3    action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  A court may dismiss

4    an action based on a party's failure to prosecute an action, obey a court order, or comply with local

5    rules.  *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure

6    to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128,

7    130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*,

8    779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local

9    rules).

10    Further, Local Rule 230 states in relevant part: "Opposition, if any, to the granting of the

11    motion shall be in writing and shall be filed and served no later than fourteen (14) days after the

12    motion was filed.  A responding party who has no opposition to the granting of the motion *shall*

13    *serve and file* a statement to that effect, specifically designating the motion in question." E.D. Cal.

14    Local Rule 230(c) (emphasis added).

15    Here, Plaintiff's opposition or statement of non-opposition was due on or before November

16    10, 2025.  Plaintiff has failed to file an opposition or statement of non-opposition to the pending

17    motion, and the time to do so has now passed.  Because Plaintiff's conduct violates Local Rule

18    230, the undersigned will order Plaintiff to show cause in writing why sanctions should not issue.

19    **Conclusion and Order**

20    Accordingly, IT IS HEREBY ORDERED:

21    1.  Plaintiff SHALL show cause in writing **within 14 days** of the date of service of this

22    order, why sanctions should not be imposed for failure to comply with the Local Rules.

23    Alternatively, within that same time, Plaintiff may file an opposition or statement of

24    non-opposition to the pending motion to dismiss (Doc. 4) filed on October 22, 2025.

25    ///

26

27    ///

28

2. **Any failure by Plaintiff to respond to this Order may result in the recommendation that this action be dismissed for a failure to obey the Local Rules and failure to prosecute.**

IT IS SO ORDERED.

Dated:    **November 18, 2025**    _____

UNITED STATES MAGISTRATE JUDGE