UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL ARREDONDO RIVERA, | Case No. 1:25-cv-01373-CDB |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND |
| v. | |
| TARGET DISTRIBUTION CENTER, | (Doc. 4) |
| Defendant. | **30-Day Deadline** |

Pending before the Court[1] is the motion of Defendant Target Distribution Center to dismiss claims asserted in the complaint by Plaintiff Jose Manuel Arredondo Rivera. (Doc. 4). Plaintiff did not file any opposition to the motion to dismiss. Upon the Court's issuance of an order to show cause for failure to prosecute (Doc. 7), Plaintiff filed a response stating that the allegations in the complaint were ongoing, representing that he intended to prosecute the claims, and attaching exhibits in the form of email communications. Plaintiff did not include any argument in opposition to the motion. (Doc. 8). The motion was submitted before the undersigned on the record without hearing or oral argument, pursuant to Local Rule 230(g). (Doc. 13).

///

///

---

[1] Following all parties' expression of consent to the jurisdiction of a magistrate judge for all further proceedings in this action, including trial and entry of judgment, on December 10, 2025, this action was reassigned to the undersigned pursuant to 28 U.S.C. § 636(c)(1). (Doc. 12).

## I.    **Background**

Plaintiff's allegations in the complaint are not entirely clear but it appears his claims for relief all arise from his former employment with Defendant.  Insofar as the Court can discern, Plaintiff's first day working "outbound" at Defendant's warehouse was January 7, 2025.[2]  Plaintiff worked 60 hours a week and was "never approved for [four] days of overtime" when an individual named Evelyn was "doing her job as product [c]ontrol."  Her job was "to manage hours and to make sure team members don't get over 60 hours."  Plaintiff changed his shift to the weekend, whereas Evelyn was working the weekday shift, but was still subject to her management for overtime work.  It is unclear from the allegations when precisely these events occurred.  Plaintiff asserts that Evelyn later becomes in charge of "inbound" at the warehouse.  (Doc. 1-2 at 4).

At some point in time, Plaintiff "got a write-up" and was told to "correct [his] non-negotiable zero safety tolerance."  Plaintiff alleges that, at some point, he left four minutes early and was spoken to about "accountable time."  *Id.* at 5.  Plaintiff asserts that he "got a doctor's note" for a wisdom tooth extraction and provided it to his employer but "HR didn't want to approve it," resulting in his whole day being unaccountable time.  Plaintiff alleges this occurred on November 17, but identifies no year accompanying the date and fails to provide years for subsequent dates, as well.  Plaintiff alleges that on December 8, he is "staffed at outbound" where there are no "operational managers"; he was staffed on three lanes with a team member Hector.  Hector was removed and a female seasonal worker was staffed in Hector's place.  The significance of these events to Plaintiff's claims is not obvious from the allegations.  Plaintiff alleges that "every other team member had edits and changes to their staffing except me," and he "was already picking up extra work" due to "seasonal slack"; Plaintiff asserts that an individual named Arturo was the lead that day and "wanted to keep [Plaintiff] busy."  *Id.* at 6.

Plaintiff alleges that, on a different day, he was assigned to lane 33 by an individual named Karina and, while sorting, he was approached by Arturo who "proceeded by storming and raising

---

[2] Based on subsequent allegations in the complaint, the significance of this date is unclear.  As Plaintiff filed his complaint in state court on February 25, 2025, and later dates mentioned by Plaintiff fall in November and December, it is unclear when the events asserted by Plaintiff occurred.

his hand." Plaintiff stated Karina "gave [him] the lane"; Arturo stated that this was not Plaintiff's work area. Plaintiff became upset because Arturo "made a scene in front of a lot of people." Plaintiff alleges that other team members were out of their work areas but Arturo "didn't tell them anything." *Id.* at 7.

On December 14 (year unstated), Plaintiff approached Arturo and asked why he was moving Plaintiff around, after Arturo saw him and "immediately changed the staffing sheet," putting Plaintiff "on three lines." Plaintiff alleges that Arturo lied to him in response, stating an individual named Corina did the previous week's staffing. On December 15, Corina was lead and did not "approve [Plaintiff's] job function yesterday," but approved two other team members' job functions. Plaintiff asserts this stemmed from favoritism. On December 16, when clocking out at lunch, a seasonal team member said, "you're too f****** close next time you're going to get f***** up [sic]." Plaintiff states that he and another team member did not know who he was talking to and "brushed it off" and walked past. Later, when clocking back into work and turning around, the same team member was there and "made [a] direct threat and said yeah don't act like you didn't f****** hear me [sic]." *Id.* at 7-9.

Plaintiff alleges that he conveyed to an individual named Alejandrina, one of Defendant's human resources employees, that he "had been targeted [and] harassed by [his] operational managers Evelyn Santiago and Brooke [sic]." Alejandrina did not ask why and Plaintiff stated that he was "just looked down at from [] my feet toes to my head eyes by one of the OM Brooke at the non-con aisle where [sic]" he was "picking non-con card cages for the outbound sorting team [sic]." Alejandrina informed Plaintiff that he would have a meeting with an individual named Zachary "about covering everything" but the meeting did not occur. *Id.* at 9.

## II.    **Governing Authority**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a plaintiff's complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)). A complaint may be dismissed as a matter of law either for lack of a

3

cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief). A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all allegations put forth in the complaint and construe all facts and inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010). The complaint need not include "detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). The Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

### III.    **Discussion**

Plaintiff asserts the following claims under state law: (1) discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) failure to prevent discrimination and harassment in violation of FEHA; (3) assault while at work; (4) Cal. Civ. Code § 52.1 (the "Bane Act"); (5) Cal. Civ. Code § 51.7 (the "Ralph Act"); (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; and (8) negligent hiring, training, supervision, and retention. (Doc. 1-2 at 10-19).

As a preliminary matter, Plaintiff attaches to his response to the Court's order to show cause numerous exhibits in the form of email communications. *See* (Doc. 8). But on a motion to dismiss pursuant to Rule 12(b), the Court is confined to the allegations set forth in the complaint. In other words, Plaintiff must assert any factual allegations he wishes the Court to consider within the body of the complaint – factual allegations or attachments to a separate filing not incorporated by the complaint are insufficient. *See Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1167 (E.D. Cal. 2010) ("For a [Rule] 12(b)(6) motion, a court generally cannot consider material outside the complaint.") (citation omitted). Thus, the Court will consider only the allegations properly pled within the complaint itself.

### A. FEHA Claims

Defendant asserts that Plaintiff failed to exhaust administrative remedies as to his FEHA claims prior to bringing this action and fails to properly plead the elements of his FEHA causes of action. (Doc. 4-1 at 10-12).

#### i. Exhaustion

##### 1. Governing Authority

"In order to bring a civil action under FEHA, the aggrieved [employee] must exhaust the administrative remedies provided by law." *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001) (quoting *Yurick v. Super. Ct.*, 14 Cal.4th 479, 492 (1989)). In California, "[a]n employee exhausts administrative remedies by filing a complaint with the DFEH within one year of the occurrence of the allegedly unlawful act, and obtaining a notice of the right to sue from [DFEH]." *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 902 (E.D. Cal. 2017) (citing *Blum v. Super. Ct.*, 141 Cal. App. 4th 418, 422 (2006)); *see Salazar v. Cargill Meat Solutions Corp.*, No. 1:18-cv-00847-LJO-EPG, 2019 WL 3936292, at *5 (E.D. Cal. Aug. 20, 2019) ("Under California law, an employee must exhaust the administrative remedy under FEHA by filing an administrative complaint with the DFEH and obtaining the DFEH's notice of a right to sue before bringing a FEHA claim in court.") (citing *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1724 (1994)); *Rao v. AmerisourceBergen Corp.*, No. CIV S-08-1527 DAD PS, 2010 WL 3767997, at *9 (E.D. Cal. Sept. 22, 2010) ("The timely filing of an administrative complaint is a prerequisite to the

bringing of a civil action for damages under the FEHA."). "Under FEHA, 'the failure to exhaust an administrative remedy is a jurisdictional, not a procedural, defect,' and thus [a] failure to exhaust … is a ground for a defense summary judgment." *Salazar*, 2019 WL 3936292 at *5 (citations omitted).

"The purpose of FEHA's administrative exhaustion requirement is to ensure DFEH is provided the opportunity to resolve disputes and eliminate unlawful employment practices through conciliation." *Washington v. California City Corr. Ctr.*, 871 F. Supp. 2d 1010, 1022 (E.D. Cal. 2012) (citing *Wills v. Super. Ct.*, 195 Cal. App. 4th 143, 153 (2011)); *see id.* ("If, following receipt of a complaint, the DFEH fails to resolve the case or to file an accusation against the employer within 150 days, it must notify the employee in writing of his or her right to file a civil action under the FEHA") (citing *Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1613 (1995))

*2. Analysis*

Plaintiff did not submit argument in opposition to Defendant's motion and, thus, fails to rebut Defendant's showing that he failed to exhaust his FEHA claims. In his complaint, Plaintiff alleges only that he has "exhausted administrative remedies by filing a complaint and ob-taining [sic] a Right to Sue Letter from the Department of Fair Employment and Housing on [sic]." *Id.* at 18. Plaintiff's seventh cause of action, for negligent hiring, training, supervision, and retention, appears immediately beneath this allegation. Aside from his conclusory allegation that he satisfied his exhaustion obligation, Plaintiff provides no further factual allegations supporting the assertion, including, for instance, the date of submission of his administrative remedies, the particulars of his allegations asserted within the remedy, the identifying numbers associated with the submissions, whether he received any response and the date of said response, nor the date of the right to sue letter.

Thus, Plaintiff fails to appropriately plead exhaustion of administrative remedies as to the claims brought under FEHA. As exhaustion is a jurisdictional requirement, this fact, by itself, requires dismissal of said claims, namely the first and second causes of action. *See Sanders-Hollis v. Health & Hum. Servs. Agency*, No. 2:19-cv-00092-KJM-DB, 2020 WL 3642563, at *1 (E.D.

Cal. July 6, 2020) ("The complaint contains only the bare allegation that plaintiff 'has received Right to Sue letters from the California [DFEH] and U.S. [EEOC] and has thus exhausted all necessary administrative remedies.' This conclusory assertion fails to satisfy even the minimum pleading requirements of Rule 8 … the complaint fails to state the date on which plaintiff submitted her claims … the charge numbers for those claims, or the dates on which she received her right to sue letters from those agencies … the complaint must contain, at a minimum, sufficient detail to assure the court it has jurisdiction to consider the matter before it.").

ii.   Pleading Adequacy

However, even assuming *arguendo* that Plaintiff did exhaust administrative remedies as to his claims brought pursuant to FEHA, Plaintiff fails to adequately plead the elements of a FEHA claim for discrimination or failure to prevent discrimination.

"To state a prima facie case of discrimination under the FEHA, a plaintiff must allege and ultimately show that: (i) she was a member of a protected class; (ii) she was qualified for the position she sought or was performing competently in the position she held; (iii) she suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive." *Ayala*, 263 F. Supp. 3d at 905 (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013) & *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 355 (2000).). Adverse employment actions must be "substantial," such as, for example, termination, demotion, adverse job assignments, official discipline, and changes in compensation or benefits ,whereas "minor or trivial" conduct is insufficient. *Id.*

Here, Plaintiff alleges only that he was discriminated against due to his gender. (Doc. 1-2 at 10). However, Plaintiff does not plead any facts plausibly showing that Defendant acted with a discriminatory motive based on his gender. Further, as Plaintiff's allegations are difficult to parse, it is unclear the precise adverse employment action he claims as the basis for his FEHA claim of discrimination. *See Reichel v. Fundraise Up Inc.*, No. 2:24-cv-06244-ODW (PDX), 2025 WL 2653176, at *4 (C.D. Cal. Sept. 16, 2025) (noting that, as to plaintiff's FEHA claims of discrimination arising from her termination allegedly due to her gender, plaintiff failed to allege how defendant's promotion of a male coworker, defendant's meeting attendance policy, and CEO's

7

comments supported the decision to terminate her and evidenced discriminatory motive). Thus, Plaintiff fails to allege a cognizable claim of discrimination under FEHA.

FEHA also prohibits employers from failing to "take all reasonable steps necessary to prevent discrimination and harassment from occurring in the workplace." *Ayala*, 263 F. Supp. 3d at 905 (citing Cal Gov't Code § 12940(k)). To state a claim of failure to prevent discrimination and harassment, a plaintiff must allege that: "1) plaintiff was subjected to discrimination, harassment or retaliation; 2) defendant failed to take all reasonable steps to prevent discrimination, harassment or retaliation; and 3) this failure caused plaintiff to suffer injury, damage, loss or harm." *Lelaind v. City & Cnty. of San Francisco*, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008) (citation omitted).

As with his discrimination claim, Plaintiff does not plausibly set forth that he suffered discrimination, harassment, or retaliation and that Defendant failed to take all reasonable steps to prevent the discrimination, harassment, or retaliation. Thus, Plaintiff fails to assert a cognizable claim of failure to prevent discrimination and harassment under FEHA.

### B. Assault

Defendant argues that Plaintiff fails to cognizably allege a claim of assault and any such claim is barred by worker's compensation exclusivity. (Doc. 4-1 at 13-14). As set for the below, the Court finds Plaintiff fails to cognizably allege an assault claim but that any cognizable claim would not be barred by worker's compensation exclusivity.

#### i. Pleading Adequacy

In California, a civil assault is a "demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present" *Robles v. Agreserves, Inc.*, 158 F. Supp. 3d 952, 985–86 (E.D. Cal. 2016) (citations omitted). The elements of a civil assault under California law are: "(1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed he was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4)

8

plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." *Id*.

Plaintiff alleges that, when clocking out at lunch, an unnamed seasonal team member said, "you're too f****** close next time you're going to get f***** up [sic]." Plaintiff alleges that he and another team member did not know who the unnamed team members was talking to and "brushed it off" and walked past. Later, when clocking back into work and turning around, the same team member was there and "made [a] direct threat and said yeah don't act like you didn't f****** hear me [sic]." (Doc. 1-2 at 8-9). Plaintiff does not name the individual who made the alleged statements but names "Doe" defendants in his complaint. *See id.* at 3.

Plaintiff's allegations are deficient for two reasons. First, as noted above, Plaintiff does not identify either the year of or the location where the relevant events transpired such that the allegations are vague as to time and place. Thus, the allegations fail under Rule 8 of the Federal Rules of Civil Procedure to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002); *see, e.g., Sams v. Lundy*, No. 1:23-cv-00172-HBK (PC), 2023 WL 9058354, at *5 (E.D. Cal. Sept. 22, 2023) (citing cases noting that a failure to allege a date certain renders a complaint noncompliant with Rule 8).

Second, "threatening words alone are not sufficient to state a claim for assault" where no other facts are pleaded from which it reasonably may be inferred the assaulting party intended to carry out the threat. *Rhodes v. Placer Cnty.*, No. 2:09-cv-00489 MCE KJN PS, 2011 WL 1302264, at *12 (E.D. Cal. Mar. 31, 2011) (citing *Steel v. City of San Diego*, 726 F. Supp. 2d 1172, 1189-90 (S.D. Cal. 2010) (a threatening message, without accompanying act that demonstrated intent to carry out the threat, was insufficient for assault cause of action and motion to dismiss that claim was granted); *see, e.g., Pheffer v. Orr*, No. B162820, 2004 WL 729214, at *2-3 (Cal. App. Apr. 6, 2004) (finding that mere threat to physically harm someone without any outward manifestation demonstrating an intent to carry out the threat is insufficient to constitute a civil assault). Here, Plaintiff pleads neither that he believed the unidentified worker who issued the verbal threat

imminently intended to harm him nor facts from which it may be inferred it appeared the worker intended to carry out the threat.

### ii.   Workers' Compensation Exclusivity

"The workers' compensation exclusivity rule is the rule, embodied in Labor Code sections 3600, 3601 and 3602, that with certain exceptions, an injury sustained by an employee arising out of and in the course of his or her employment is compensable by way of a workers' compensation insurance award only, not by a tort judgment." *Lee v. W. Kern Water Dist.*, 5 Cal. App. 5th 606, 624 (2016). "California Labor Code § 3602 provides for the following exceptions to the exclusivity rule: (1) when the injury is proximately caused by a willful physical assault by the employer; (2) when the employee's injury is aggravated by the employer's fraudulent concealment of the injury and its connection to the employment; or (3) when the injury is caused by a defective product." *Vasquez v. Cnty. of Los Angeles*, No. CV 11-3849 PSG (PJWx), 2012 WL 12930526, at *12 (C.D. Cal. Oct. 3, 2012).

Defendant asserts that "there can be no dispute that the alleged wrongful conduct occurred at work and lacked the requisite 'aggression' required under the law to avoid [exclusivity]." (Doc. 4-1 at 14). Defendant is correct that Plaintiff's assertions do not involve a "willful physical assault" such that the claims would fall under the plain language of the first exception under Labor Code § 3602. However, state law sets forth a number of requirements for compensation, including the following: "Where, at the time of injury, the employee is performing service growing out of and incidental to his or her employment and is acting within the course of his or her employment," and "[w]here the injury is proximately caused by the employment, either with or without negligence." Cal. Lab. Code §§ 3600(a)(2), (3).

Generally, a defendant bears the burden of pleading, as an affirmative defense, the existence of the conditions of compensation. *Doney v. Tambouratgis*, 23 Cal. 3d 91, 96 (1979). Here, Plaintiff may have been on lunch break during the events alleged to constitute assault. Defendant does not set forth in its motion how either of the above conditions of compensation were met and thus fails to meet its burden that the exclusivity rule applies. *See Stephens v. United Parcel Serv.*, Inc., No. 3:23-cv-06081-JSC, 2024 WL 4906074, at *3 (N.D. Cal. Nov. 27, 2024) (noting that

"Plaintiff alleges his injury occurred while he was on his lunch break," that the "requirements that an injury arise out of employment or be proximately caused by employment is a looser concept of causation than the concept of proximate cause," and that the "requirement that the employee be acting in the course of employment … generally means the injury happened at a time when the employee was working and in the place of employment.").

In sum, Plaintiff's civil assault claim will be dismissed without prejudice for failure to state a claim.

## C.  California Civil Code § 52.1 ("Bane Act")

Defendant asserts that Plaintiff fails to assert a violation of the Bane Act because he does not point to any actions taken against Plaintiff because of a protected characteristic or establishing threats, intimidation, or coercion.  (Doc. 4-1 at 14-15).

A plaintiff alleging a Bane Act claim "must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015) (citing Cal. Civ. Code § 52.1).  The claim must allege facts that would permit the drawing of an inference that the defendant had a specific intent to violate the constitutional right at issue. *Id.*  Specific intent may be shown by demonstrating that the defendant acted "in reckless disregard" of that right. *Cornell v. City & Cnty. of San Francisco*, 17 Cal. App. 5th 766, 803 (2017), *as modified* (Nov. 17, 2017).  Private employers may be liable under the Bane Act via ratification. *Peralta v. United States*, 475 F. Supp. 3d 1086, 1097 (C.D. Cal. 2020).

Here, Plaintiff asserts his Bane Act claims against two individuals, Koman and Casillas. Although Plaintiff mentions vicarious liability in his complaint, it is unclear to whom the assertion is directed.  (Doc. 1-2 at 14).  However, Koman and Casillas are not named as defendants elsewhere in the complaint or otherwise identified. *See* (Doc. 1-2 at 1).  Plaintiff sets forth no facts as to any constitutional violations by Koman and Casillas, other than merely restating the elements of a Bane Act claim in a conclusory fashion, nor does Plaintiff set forth any such facts against Defendant. (Doc. 1-2 at 14-15).  Thus, Defendant's motion will be granted as to the claims asserted under the Bane Act.

**D.  California Civil Code § 51.7 ("Ralph Act")**

The Ralph Act provides that "[a]ll persons within the jurisdiction of [California] have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics."  Cal. Civ. Code § 51.7.

To assert a claim under the Ralph Act, a plaintiff must allege that: "(1) the defendant committed or threatened violent acts against the plaintiff; (2) the violence or intimidation was motivated by their perception of a protected characteristic; (3) the plaintiff suffered an injury; and (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm." *Piccini v. City of San Diego*, No. 21-cv-01343-W-KSC, 2022 WL 2788753, at *4 (S.D. Cal. July 15, 2022) (citing *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1167 (N.D. Cal. 2009)).  Employers may be liable for acts of their agents under the Ralph Act.  *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1289 (9th Cir. 2001).

As noted above in subpart (B), Plaintiff asserts that a coworker threatened violence against him.  However, Plaintiff fails to allege that Defendant or any of Defendant's employees threatened violent acts *based on a protected characteristic* of Plaintiff.  Thus, Defendant's motion will be granted as to the claims asserted under the Ralph Act.

**E.  Intentional Infliction of Emotional Distress**

To state a claim for intentional infliction of emotional distress under California law, a plaintiff must allege "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (quoting *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009)).  The conduct must be "so extreme and outrageous as to go beyond all possible [bounds] of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Butler v. Rueter*, No.

2:22-cv-01301 KJN P, 2023 WL 1991591, at *6 (E.D. Cal. Feb. 14, 2023) (quoting *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1607 (2009)).

Aside from conclusory assertions, Plaintiff alleges in the complaint no facts concerning extreme or outrageous conduct, beyond all possible bounds of decency, by Defendant. (Doc. 1-2 at 17-18). Defendant argues that, regardless, such claims would be preempted by California workers' compensation exclusivity. (Doc. 4-1 at 16). Though Plaintiff fails to plausibly allege a claim of intentional infliction of emotional distress, the Court notes that claims of intentional infliction of emotional distress may not be preempted by workers' compensation exclusivity based only on the fact that they arose during the course of an employment relationship. *See Walker v. Avis Rent A Car Sys., LLC*, No. LA CV15-01241 JAK (ASx), 2015 WL 13752943, at *6 (C.D. Cal. July 6, 2015) ("Because Plaintiff's IIED claim is based on the conduct that arose from alleged illegal disability discrimination, it is not preempted by the [Workers' Compensation Act]. Such conduct is not one of the risks inherent in the employer-employee relationship. Thus, a reasonable employee need not anticipate that employment discrimination will occur.").

Defendant's motion will be granted as to the claims for intentional infliction of emotional distress.

### F. Negligence

#### i. Negligent Infliction of Emotional Distress

Plaintiff asserts a claim of negligent infliction of emotional distress against Defendant. *See* (Doc. 1-2 at 1). However, Plaintiff's complaint is devoid of any allegations regarding such a claim, with no independent cause of action alleged therein. *See id.*

A claim for negligence under California law requires a plaintiff to show that the defendant (1) had a legal duty to use reasonable care; (2) breached that duty; and that (3) the breach was the proximate cause of (4) the plaintiff's injury. *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998). "Negligent infliction of emotional distress is not an independent tort doctrine. Rather, [n]egligent infliction of emotional distress is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply." *Varnado v. Midland Funding LLC*, 43 F. Supp. 3d 985, 990 (N.D. Cal. 2014) (quotations and citations omitted; alterations in

13

original).  "In California, although damages for emotional distress may be recovered in the absence of either physical injury or impact, the extent to which defendants may be liable for negligent infliction of emotional distress without physical injury has been limited due to public policy considerations.  Recovery for emotional distress in negligence cases is generally not available unless malice, breach of a fiduciary duty, physical injury or impact, or some other unusually extreme or outrageous circumstance, can be shown."  *Id.* (citations and quotations omitted).

Here, Plaintiff does not assert any facts in support of his claim for negligent infliction of emotional distress.  *See* (Doc. 1-2).  Thus, Plaintiff's motion will be granted as to said claims.

ii.   <u>Negligent Hiring, Training, Supervision, and Retention</u>

"An employer may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit.  To establish liability, a plaintiff must demonstrate the elements of negligence: duty, breach, proximate causation, and damages.  There are two elements necessary for a duty to arise in negligent hiring and negligent retention cases—the existence of an employment relationship and foreseeability of the injury.  A claim for negligent supervision requires a plaintiff to allege that a particular risk of harm was foreseeable."  *Acevedo v. eXp Realty, LLC*, 713 F. Supp. 3d 740, 803 (C.D. Cal. 2024) (quotations omitted; citing, *inter alia*, *Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139 (2009)).  To assert a claim for negligent supervision, a plaintiff must show: "(1) the existence of a legal duty of employer to employee to use due care; (2) how the defendant-employer breached that duty; (3) how any breach proximately caused plaintiff's damages; and (4) damages.  A negligent supervision claim based on an employee's FEHA claims [] cannot be sustained where the FEHA claims do not survive."  *Hankins v. Am. Med. Response Ambulance Serv., Inc.*, No. 1:16-cv-01046-LJO-MJS, 2018 WL 339062, at *15 (E.D. Cal. Jan. 9, 2018) (citing *Love v. Motion Indus., Inc.*, 309 F. Supp. 2d 1128, 1138 (N.D. Cal. 2004)).

"A plaintiff alleging negligent training under California law must show that the employer negligently trained the employee as to the performance of the employee's job duties and as a result of such negligent instruction, the employee while carrying out his job duties caused injury or

14

damage to the plaintiff." *Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F. Supp. 2d 1187, 1208 (E.D. Cal. 2009) (citation omitted).

Plaintiff advances only conclusory allegations, without any factual support, that Defendant negligently hired, trained, supervised, or retained employees. *See* (Doc. 1-2 at 19). Thus, Plaintiff fails to plausibly assert any claim of negligent hiring, training, supervision, or retention. Defendant's motion will be granted as to these claims.

### G.  Leave to Amend

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires" as the purpose of the Rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). However, courts may, in their discretion, choose to decline leave to amend due to futility, bad faith, undue delay, prejudice to the opposing parties, dilatory motive or conduct, or a repeated failure to cure deficiencies by amendments. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–893 (9th Cir. 2010). A court's discretion in denying leave to amend is particularly broad after plaintiff has already been afforded an opportunity to amend the complaint. *See Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016).

In its motion, Defendant requests that the Court order a more definite statement. (Doc. 4-1 at 18). In support, Defendant asserts that Plaintiff "includes essentially one long paragraph spanning six pages," mentions individuals without including last names or job positions, refers to various dates without the year included, and makes "vague allegations about 'discrimination and harassment' without any detail to support such claims." (Doc. 4-1 at 18).

Though the Court finds some merit in Defendant's assertions, "a Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted in order to frame a response. The Court must deny the motion if the complaint is specific enough to notify defendant of the substance of the claim being asserted." *Medrano v. Kern Cnty. Sheriff's Officer*, 921 F. Supp. 2d 1009, 1018 (E.D. Cal. 2013). Here, Defendant's motion to dismiss shows that Defendant at least is generally aware of the nature of the claims Plaintiff asserts in his complaint. Thus, the Court will deny Defendant's request for more definite

15

statement. *See Alghusain v. Webb*, No. 24-cv-01863-JSC, 2025 WL 1643791, at *13 (N.D. Cal. June 10, 2025) ("Here, Balfour's motion to dismiss demonstrates it is aware of the nature of the claims being asserted. Accordingly, the Amended Complaint was not 'so vague or ambiguous' so as to prevent Balfour from responding.").

Because Plaintiff may be able to remedy the deficiencies noted herein and has not yet been afforded an opportunity to amend his complaint, the Court will grant Plaintiff leave to amend. Plaintiff must assert all factual allegations in support of his claims in the body of any amended complaint – he may not simply attach exhibits to the amended complaint and expect the Court to parse and construe those factual assertions set forth in such exhibits. Further, an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.2 (9th Cir. 2012). If Plaintiff elects to proceed with this action by filing an amended complaint, the Court cannot refer to a prior pleading in order to make an amended complaint complete. *See* E. D. Cal. Local Rule 220. <u>The amended complaint must be complete in itself without reference to the prior or superseded pleading.</u> Once the amended complaint is filed, the original pleading no longer serves any function in the case. Thus, in the amended complaint, Plaintiff must re-plead all elements of his claims, including all relevant facts.

## IV.    **Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Defendant's motion to dismiss (Doc. 4) is GRANTED as to all causes of action in the complaint;

2.  All causes of action in Plaintiff's complaint (Doc. 1-2) are DISMISSED without prejudice;

3.  Plaintiff is granted leave to amend all claims so dismissed;

4.  **Within 30 days** of entry of this order, Plaintiff SHALL FILE any first amended complaint;

5.  Defendant SHALL FILE its response to any first amended complaint consistent with Fed. R. Civ. P. 15(a)(3); and

///

16

6. **If Plaintiff fails to timely comply with this order, the Court will dismiss the action with prejudice for failure to state a claim, failure to obey a court order, and/or failure to prosecute**.

IT IS SO ORDERED.

Dated:    **May 13, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

17