UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL ARREDONDO RIVERA,<br><br>Plaintiff,<br><br>v.<br><br>TARGET DISTRIBUTION CENTER,<br><br>Defendant. | Case No. 1:25-cv-01373-CDB<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO STATE A CLAIM, TO PROSECUTE, AND TO OBEY COURT ORDERS<br><br>(Doc. 17) |

Plaintiff Jose Manuel Arredondo Rivera ("Plaintiff"), proceeding pro se, initiated this action with the filing of a complaint on October 15, 2025, against Defendant Target Distribution Center.[1] (Doc. 1).  Defendant filed a motion to dismiss on October 22, 2025 (Doc. 4); Plaintiff did not file any opposition to the motion.  Upon the Court's issuance of an order to show cause for failure to prosecute (Doc. 7), Plaintiff filed a response stating that the allegations in the complaint were ongoing, representing that he intended to prosecute the claims, and attaching exhibits in the form of email communications.  Plaintiff did not include therein any argument in opposition to the motion. (Doc. 8).  On May 14, 2026, the Court granted Defendant's motion, dismissing all causes of action and granting Plaintiff leave to amend.  (Doc. 17).

///

---

[1] Following all parties' expression of consent to the jurisdiction of a magistrate judge for all further proceedings in this action, including trial and entry of judgment, on December 10, 2025, this action was reassigned to the undersigned pursuant to 28 U.S.C. § 636(c)(1). (Doc. 12).

Plaintiff was directed to file a first amended complaint ("FAC") within 30 days from date of entry of the order. Plaintiff was forewarned that "**[i]f Plaintiff fails to comply with this order, the Court will dismiss the action with prejudice for failure to state claim, failure to obey a court order, and/or failure to prosecute**." *Id.* at 16-17 (emphasis in original). The order was served on Plaintiff that same day. *See* dkt. (05/14/2026) (order on motion to dismiss served by mail on Jose Manuel Arredondo Rivera).

The time to comply with the Court's order has passed (*i.e.*, June 18, 2026), and Plaintiff has failed to file a FAC. Accordingly, the undersigned rules as follows.

**Governing Authority**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products*

2

*Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Apart from Plaintiff's failure to state a claim upon which relief may be granted (*see* (Doc. 17), Plaintiff has failed to comply with this Court's order to file an amended complaint and, as such, has failed to prosecute this action.  Plaintiff has failed to file a response to the Court's order granting Defendant's motion to dismiss and dismissing all causes of action in the complaint with leave to amend (*see id.*) and otherwise has failed to timely request any extension of the deadline to comply with the order, and the time to do so has passed.  Plaintiff therefore has failed to comply with the Court's orders.

Given the Court's service of the order granting Defendant's motion to dismiss by mail on May 14, 2026, Plaintiff's deadline to comply was June 17, 2026.  Given Plaintiff's failure to file any response in compliance with the order, there are no other reasonable alternatives available to address Plaintiff's failure to obey the Local Rules and failure to prosecute.  Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  This matter cannot proceed further without Plaintiff's participation to prosecute the case and file a FAC setting forth cognizable claims.  The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action.  Thus, the third factor—a risk of prejudice to the Defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits.  He instead has failed to comply with this Court's orders and, thus, is impeding the progress of this action.  More than 30

3

days have passed since the Court's order on Defendant's motion to dismiss (Doc. 17) was served upon Plaintiff, yet Plaintiff has failed to file a response in compliance with the order. Therefore, the fourth factor—the public policy favoring disposition of cases on their merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further, unnecessary expenditure of its scarce resources. Given that Plaintiff is proceeding pro se, monetary sanctions would be of little efficacy and, moreover, at the early stage of these proceedings, the preclusion of evidence or witnesses is not appropriate. Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order granting Plaintiff leave to amend and requiring a response from Plaintiff cautioned: "**If Plaintiff fails to comply with this order, the Court will dismiss the action with prejudice for failure to state claim, failure to obey a court order, and/or failure to prosecute.**" (Doc. 17 at 17) (emphasis in original). Plaintiff was adequately forewarned that the failure to timely file a FAC would result in terminating sanctions. The undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with this Court's orders. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's order, and in doing so, has failed to prosecute this action. Having weighed the equities and considered the relevant factors noted above, the undersigned concludes that dismissal of the action is warranted.

**Conclusion and Order**

For the foregoing reasons, the Court HEREBY ORDERS:

1. This action is DISMISSED with prejudice for Plaintiff's failure to state claim, to obey the Court's orders, and to prosecute this action; and

///

///

4

2. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **June 22, 2026**

_____
UNITED STATES MAGISTRATE JUDGE